

| | | |
|---|---|---|
| NEW YORK | | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | NELSON STEWART | MIAMI |
| SILICON VALLEY | DIRECT DIAL: +1 212 404 8767 | BOCA RATON |
| SAN DIEGO | PERSONAL FAX: +1 212 253 4037 | PITTSBURGH |
| LOS ANGELES | E-MAIL: NMStewart@duanemorris.com | NEWARK |
| BOSTON | | LAS VEGAS |
| HOUSTON | www.duanemorris.com | CHERRY HILL |
| DALLAS | | LAKE TAHOE |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

November 20, 2024

Honorable Brian M. Cogan (VIA ECF)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:** **Sacco & Fillas LLP v. TD Bank, N.A., Case No. 1:24-cv-07398-BMC**

Dear Judge Cogan,

   This firm represents defendant TD Bank, N.A. ("**TD Bank**") in the above referenced action. Pursuant to Section III.B.2 of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference concerning TD Bank's anticipated motion (the "**Motion**") to dismiss the Complaint of Plaintiff, Sacco & Fillas, LLP ("**Plaintiff**"), pursuant to Fed. R. Civ. Pr. 12(b)(6).

   As background, Plaintiff alleges that four checks (the **"Checks"**), allegedly issued by the United States Treasury and allegedly payable to Plaintiff, were intercepted by unknown actors who then deposited the Checks into an account they maintained at TD Bank.  Based on these alleged facts, Plaintiff asserts claims against TD Bank for Negligence (Count I); Violation of Article 4-A (Count II); Unjust Enrichment (Count III); Violation of Banking Law § 676; and Aiding and Abetting Fraud (Count V). As set forth below, all of Plaintiff's claims fail, as a matter of law.

   ***First***, where, as here, the claims concern the rights and obligations of parties to checks, the Uniform Commercial Code ("**UCC**"), as adopted by New York, preempts common law claims. *See*, *Grain Traders, Inc. v. Citibank, N.A.,* 160 F.3d 97, 103 (2d Cir. 1998); *Ctr.-Point Merch. Bank Ltd. v. Am. Express Bank Ltd.*, 913 F. Supp. 202, 208 (S.D.N.Y. 1996); *Frank Calandra, Jr. Irrevocable Tr. v. Signature Bank Corp.*, 816 F. Supp. 2d 222, 236 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 51 (2d Cir. 2012) (dismissing common law breach of contract and gross negligence claims as preempted by N.Y. U.C.C. § 4A). Thus, Counts I, III and V of Plaintiff's Complaint are displaced by the UCC. *See, e.g.*, *Banco del Austro, S.A. v. Wells Fargo Bank, N.A.*, 215 F. Supp. 3d 302, 306-07 (S.D.N.Y. 2016) (dismissing negligence claim—which alleged that the bank "violated its duty of care by negligently honoring the" [wires—because the] "claim falls entirely within the coverage of Section 4A-202").

DUANE MORRIS LLP

230 PARK AVENUE, SUITE 1130 NEW YORK, NY 10169-0079  PHONE: +1 212 818 9200 FAX: +1 212 818 9606
DM1\15935722.5

DuaneMorris

Honorable Brian M. Cogan  (VIA ECF)
November 20, 2024
Page 2

*Second*, Plaintiff cannot maintain a claim for negligence because the Complaint does not allege that Plaintiff is, or ever was, a customer of TD Bank. This is fatal to Plaintiff's claim.  It is well settled that banks do not owe a duty to protect non-customers from torts committed by their customers. *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 286 (2d Cir. 2006); *In re Agape Litig.,* 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010) (New York law does not impose a duty on banks to protect non-customers from a fraud involving depository accounts). Plaintiff's vague and conclusory reference to disputed transactions and a non-party's alleged impersonation of Plaintiff are also insufficient allege the existence of a duty of care required to sustain a negligence claim. *Hongying Zhao v. JPMorgan Chase & Co.,* No. 17 CIV. 8570 (NRB), 2019 WL 1173010, at *7 (S.D.N.Y. Mar. 13, 2019) ("mere knowledge that a business may not be using the funds in their depository account in a manner consistent with their promotional material does not trigger a duty to act").

*Third*, Plaintiff cannot maintain a claim under Article 4A of the UCC on the facts alleged because that provision of the UCC governs wire transfers. Plaintiff does not allege any facts establishing that there were unauthorized wires from its account(s). Rather, Plaintiff alleges that the losses associated with checks, which fall within the purview of Articles 3 and 4 of the UCC. Nor does Plaintiff have standing to bring a claim under UCC Article 4A based on transfers in the non-party accounts because (i) that relationship is governed by an agreement between TD Bank and the non-party; and (ii) Plaintiff fails to allege any facts to establish the existence of such a relationship between Plaintiff and TD Bank.

*Fourth*, Plaintiff's claim for unjust enrichment fails because it relies entirely on a conclusory allegation, without supporting facts, that TD Bank was "unjustly enriched."  This mere recitation of a single element of a cause of action is insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim for unjust enrichment is a quasi-contractual claim requiring some substantive relationship between the parties that is not too attenuated. *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516–19, 973 N.E.2d 743, 746–48 (2012); *Sperry v. Crompton Corp.,* 8 N.Y.3d 204, 215–16, 831 N.Y.S.2d 760, 863 N.E.2d 1012 (2007). Where the interaction between the parties does not infer some measure of reliance or inducement, a claim for unjust enrichment fails. *Marks v. Energy Materials Corp.*, No. 1:14-CV-8965-GHW, 2015 WL 3616973, at *6 (S.D.N.Y. June 9, 2015) (citing *Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011). Because the Complaint does not allege that any relationship existed between TD Bank and Plaintiff, or that Plaintiff relied on TD Bank in any manner, the cause of action for unjust enrichment should be dismissed. *Georgia Malone,* 19 N.Y.3d at 517–18.

*Fifth*, Plaintiff has no basis to assert a claim under N.Y. Banking Law § 676 for withdrawals made from accounts it does not own.  Put simply, Plaintiff incorrectly conflates its authority to approve withdrawals from its own accounts with authority to approve withdrawals from the non-party account that Plaintiff did not control or maintain. *See*, *American Lodge Ass'n v. East New York Savings Bank*, 100 A.D.2d 281, 286 (2d Dep't. 1984)("Section 676 governs the rights of one who maintains an account in a banking organization"). Plaintiff does not allege that some unauthorized user accessed its accounts at TD Bank and made improper withdrawals. Rather, Plaintiff alleges that non-parties made withdrawals from accounts they owned at TD Bank.  Plaintiff also does not allege facts to establish that the account the non-party withdrew funds from is a statutorily covered savings account or time deposit account. *Tevdorachvili v.*

DuaneMorris

Honorable Brian M. Cogan  (VIA ECF)
November 20, 2024
Page 3

*Chase Manhattan Bank*, 103 F. Supp. 2d 632, 640 (E.D.N.Y. 2000) (Dismissing plaintiff's allegations that it maintained a checking account at a banking organization because the statute only applies to savings and time deposit accounts).

**Finally**, Plaintiff's claim for aiding and abetting fraud fails, as a matter of law, because Plaintiff fails to allege any facts that plausibly establish that TD Bank had actual knowledge of the alleged fraud or how TD Bank assisted the fraud.

"To establish liability for aiding and abetting fraud, a plaintiff must show (1) the existence of a fraud; (2) the defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Iowa Pub. Employee's Ret. Sys. v. Deloitte & Touche LLP*, 919 F. Supp. 2d 321, 344 (S.D.N.Y. 2013) (quoting *In re Agape Litig.,* 773 F.Supp.2d 298, 307 (E.D.N.Y.2011). Plaintiff falls well short of satisfying any of these requirements. To establish the first element of this claim, Plaintiff must allege a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance, and damages. *Eurycleia Partners, LP v. Seward & Kissel, LLP,* 12 N.Y.3d 553, 559, 883 N.Y.S.2d 147, 910 N.E.2d 976 (2009). Plaintiff does not allege that it relied on any material misrepresentation by the non-party or TD Bank. The Complaint is also devoid of any allegation that TD Bank knew of the non-party's misrepresentation to Plaintiff or that any such misrepresentation ever occurred. Without pointing to any specific misrepresentation, Plaintiff cannot identify what substantial assistance TD Bank provided to advance the fraud. Allegations that a defendant knew about the fraud at issue and provided substantial assistance to advance the fraud's commission are both required to avoid dismissal of a claim for aiding and abetting fraud. *Piscitello v. Giannetti,* No. 15-CV-3989(SJF)(ARL), 2016 WL 1559156, at *5 (E.D.N.Y. Apr. 18, 2016).

For the forgoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,

*s/ Nelson M. Stewart*
Nelson M. Stewart
Duane Morris LLP
230 Park Avenue, Suite 1130
New York, NY 10169-0079
Phone: (212) 404-8767
**Attorneys for Defendant TD Bank, N.A.**

Honorable Brian M. Cogan  (VIA ECF)  
November 20, 2024  
Page 4

DuaneMorris

### CERTIFICATE OF SERVICE

I, Nelson N. Stewart, Esq., hereby certify that on November 20, 2024, the foregoing was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System by counsel of record below.

Luigi Brandimarte, Esq. (VIA ECF)  
**SACCO & FILLAS, LLP.**  
31-19 Newtown Avenue, Seventh Floor  
Astoria, New York 11102  
Tel: 718.269.2201  
Fax: 781.732.2409  
*Attorneys for Plaintiff*

Dated:  November 20, 2024

/s/Nelson M. Stewart  
Nelson M. Stewart, Esq.