

**31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102**

Tel: 718 746-3440
Direct: 718 269-2226
Direct Fax: 718 425-9656

mschlaf@saccofillas.com
www.saccofillas.com

---

Tonino Sacco*
Elias N. Fillas
---
Luigi Brandimarte*
Lamont K. Rodgers
Joseph Katz
---
Malik E. Anderson*
Scott L. Appelbaum
Joseph Badalov
James R. Baez*
Joseph Benincasa
Jack Berry
Shira J. Biegacz
Victor I. Bota*
Nathan A. Brill*
Joanne Ciaramella
David A. Craven
Alex Diaz
Christopher DelCioppio*
Kurt A. Doiron
Jennifer Fleming
Ronald B. Groman
Madeline Howard
Zachary S. Kaplan
James Y. Kim*
Patricia R. Lynch
John P. Margand
Albert R. Matuza, Jr.
Russell T. McHugh
Philip R. Reid*
Jonathan Sanders
Richard E. Schirmer
Morris J. Schlaf*
Lantao Sun
U. William Sung
Clifford R. Tucker*
William W. Wallis*
Michael S. Warycha
Alex Zhang
Anthony J. Zullo

*Also admitted in New Jersey

November 27, 2024

**Via ECF**

Hon. Brian M. Cogan, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Sacco & Fillas, LLP v. TD Bank, NA.
       Case No. 1:24-cv-07398-BMC

Dear Honorable Judge Cogan:

This firm is the Plaintiff in the within action. Pursuant to Your Honor's individual practices and the order dated November 21, 2024, this letter serves a response to the letter dated November 20, 2024.

Here, Plaintiff asserts a cause of action under UCC Article 4A, along with common law claims (counts I, III, V). Common law claims are permitted where they are not inconsistent with the rules of the UCC. See Sheerbonnet, Ltd. v. Am. Exp. Bank, Ltd., 951 F. Supp. 403, 414 (S.D.N.Y. 1995); Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84, 89 (2d Cir. 2010) ("Interpreting Article 4A in a manner that would allow a beneficiary bank to accept funds when it knows or should know that they were fraudulently obtained, would allow banks to use Article 4A as a shield for fraudulent activity.").

Moreover, here the UCC Article 4A claims are being made upon information and belief. The Plaintiff only knows that the checks were deposited into an account titled in the name of the Plaintiff, and that the money so deposited was subsequently withdrawn. Whether or not wire transfers or some other means were used by the unknown third parties to obtain the money from the account is subject to discovery, with discovery being necessary to determine the exact nature of the withdrawal and what had occurred between the opening of the account and its closing.

Further, the cases cited by Defendant all concerned summary judgment, presumably after discovery had been completed, rather than dismissal. This matter should be permitted to proceed to discovery to determine whether Article 4A is applicable or not.

**Main Office**
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

**Bayside Office**
42-40 Bell Boulevard
Suite 300
Bayside, NY 11361

**Manhattan Office**
32 Broadway
Suite 1818
New York, NY 10004

**New Jersey Office**
2160 North Central Road
Suite 306
Fort Lee, NJ 07024



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Moreover, the claims here are being made in the alternative. See N.Y. C.P.L.R. § 3017; Gold v. 29-15 Queens Plaza Realty, LLC, 43 A.D.3d 866, 866–67, 841 N.Y.S.2d 668, 669 (2d Dept. 2007); Pickering v. State of New York, 30 A.D.3d 393, 394, 816 N.Y.S.2d 566 (2d Dept. 2006); Collins v. Telcoa Intl. Corp., 283 A.D.2d 128, 131, 726 N.Y.S.2d 679 (2d Dept. 2001). Assuming that Defendant prevails on the dismissal of the claim pursuant to UCC 4A, given that Article 4A does not preempt common law claims in all circumstances (See Ma, 597 F.3d, supra), Plaintiff should be allowed to plead in the alternative.

With respect to Plaintiff's negligence claim, while Defendant asserts that Plaintiff was not a customer of Defendant, if Plaintiff weren't a customer of Defendant, then Defendant would not have processed the checks, as it was not the issuer of the checks, therefore, the claim by Defendant that "non-parties made withdrawals from accounts they owned at TD Bank" (See ECF Doc. No. 9, ¶ "Fifth") does not hold. The Complaint alleges that unknown parties purported to represent Plaintiff and apparently opened an account in Plaintiff's name. Defendant failed to perform any due diligence as to the account opening, but an account was apparently created which purported to be for Sacco & Fillas, LLP, thus making Plaintiff a customer of the Defendant for this brief but sufficient timeframe. Assuming, arguendo, that the account remained open, and fees were charged, or the account were overdrawn, to whom would the responsibility for resolving these issues fall? Defendant wants to use the customer status of the Plaintiff as a shield to protect itself from a negligence claim, but it's doubtful that it would not have availed itself of a sword against the Plaintiff were this account to be a financial liability to the Defendant.

The cause of action for unjust enrichment is similarly subject to whether or not a relationship between the parties was created by way of an account being opened, and again, unjust enrichment is pled in the alternative, subject to subsequent discovery. See ARB Upstate Commc'ns LLC v. R.J. Reuter, L.L.C., 93 A.D.3d 929, 934, 940 N.Y.S.2d 679, 686 (3d Dept. 2012) ("[A] party need not elect its remedies and may proceed on alternative theories if a disagreement exists concerning whether the contract covers the situation at issue."). The Plaintiff should be allowed to proceed to discovery.

As referenced above, the account was opened on behalf Sacco & Fillas, LLP, and a claim under N.Y. Banking Law § 676 may lie. "[I]t is well



31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

settled that a person entitled to a bank deposit which has been paid to another person without authority (e.g., as the result of forgery) has a cause of action against the latter for the money thereby received or, in the alternative, against the bank." Payne v. White, 101 A.D.2d 975, 976, 477 N.Y.S.2d 456, 458–59 (3d Dept. 1984). As the account was allegedly established on behalf of Plaintiff, only Plaintiff was entitled to withdrawal of the funds, regardless of how the account was opened. If the Court were to accept Defendant's argument that Defendant owed no duty to Plaintiff for allowing an account to be opened in its name, and then allowing Defendant to authorize withdrawals on its account would leave the victims of such fraud with no recourse, while banks would be free to cut every corner and allow such fraud to continue.

Finally, Plaintiff alleges the elements of aiding and abetting fraud. There is no question that Defendant knew or should have known that the transactions were fraudulent, that Defendant knew or should have known, and that the Defendant acted as an instrument to aid and abet a third party's fraud. This Court should be aware that the Defendant, its parent intermediate holding company, and global parent company were found guilty of aiding and abetting money laundering after an investigation by the Department of Justice (D.N.J. Case No.: 2:24-cr-00667). Defendant admitted that it had failed to maintain adequate safeguards against money laundering, and that it actually laundered monetary instruments. These allegations are not directly related to the Complaint herein, but they evince a pattern of indifference at best to practices which would prevent Defendant's banking business from being used as an instrument to facilitate the fraudulent transfers of money. Had Defendant maintained proper practices, the account alleged would have been flagged, and withdrawals or transfers would have been stopped pending an investigation, but this was entirely neglected.

Therefore, for all of the foregoing reasons, this Court should deny Defendant's motion, and allow the matter to proceed to discovery.

Sincerely yours,
**SACCO & FILLAS, LLP**

/s/ Morris J. Schlaf
By: Morris J. Schlaf, Esq.

CC:   Nelson M. Stewart, via ECF